# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CASE NO. 3:11-CV-157

REBECCA LANCASTER, ET AL.                                        PLAINTIFFS

v.

DAYMAR COLLEGES GROUP, LLC, ET AL.                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion to Hold Defendants' Dispositive Motions in Abeyance Pending Resolution of Plaintiffs' Remand Motion and Motion to Conduct Discovery (Docket #6, 7) and Plaintiffs' Motion to Remand (Docket #10). Defendants have responded (Docket #13, 16). Plaintiffs have replied (Docket #17, 19). This matter is now ripe for adjudication.

## BACKGROUND

Plaintiffs seek to bring a class action on behalf of themselves and as representatives of a proposed Plaintiff class, consisting of "current and prior attendees of the various Daymar Colleges (the 'Class')." Compl., DN 1-2, ¶ 261. According to the Complaint, "[t]he Class is composed of present and former students of Daymar who have been fraudulently solicited to attend Daymar educational institutions with the promise of receiving Degrees transferrable to the vast majority of institutions of higher learning, and for whom these representations were both false and the Degrees and credits non-transferrable." *Id.* Plaintiffs' also seek to represent a class who secured loans to pay for degrees, who were promised jobs in their field of study following graduation, and who were misled regarding the terms and availability of financial aid. *Id.* at ¶¶ 262-64. Plaintiffs' claims are "based on violations of KRS Chapter 165A *et seq.*, the Kentucky Consumer Protection Act, Kentucky antitrust laws, and common law misrepresentation, fraud,

fraudulent inducement, breach of contract, breach of implied contract, conspiracy, and injunctive and declaratory relief." Pl.'s Mot. Abeyance, DN 6, p. 1.

Plaintiffs filed suit in Jefferson Circuit Court on February 18, 2011, against Daymar Colleges Group, LLC, Daymar Learning of Paducah, Inc., Daymar Learning of Ohio, Inc., Mark A.. Gabis, Daymar Learning, Inc., and The Daymar Foundation, Inc. Defendants removed the case to this Court on March 14, 2011 on the basis of diversity jurisdiction under the Class Action Fairness Act. Defendants also filed a motion to compel arbitration and a motion to dismiss The Daymar Foundation, Inc. In lieu of responding to these motions, Plaintiffs filed a motion to remand and a motion to hold Defendants' dispositive motions in abeyance and to allow jurisdictional discovery. The Court now considers Plaintiffs' motions.

## STANDARD

The Class Action Fairness Act ("CAFA") provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2)(A). In addition, the defendant must show the Plaintiffs' proposed class would exceed 100 individuals. 28 U.S.C. §1332(d)(5)(B). The defendant seeking removal bears the burden of establishing federal jurisdiction. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3d Cir. 2009). A court should determine federal jurisdiction at the time of removal. *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S.

100, 108-09 (1941).

## DISCUSSION

The Court must determine if this case is properly removed pursuant to the requirements set forth in the CAFA. In order for a case to be properly brought into federal court pursuant to the CAFA, the defendant seeking removal must establish: the amount in controversy exceeds five million dollars, exclusive of interests and costs; there is minimal diversity; and Plaintiffs' proposed class would exceed 100 individuals. *Kaufman v. Allstate N.J. Ins.*, 561 F.3d 144, 151 (3d Cir. 2009) (holding the "party seeking to remove to federal court [must] demonstrate federal jurisdiction."); 28 U.S.C. §1332(d)(2)–(5)(B). Plaintiffs do not dispute that the proposed class would exceed 100 individuals. Plaintiffs argue, however, that Defendants have not established that the amount in controversy exceeds five million dollars. Additionally, Plaintiffs argue that although there is minimal diversity, one of the CAFA exceptions applies and permits remand to the state court.

## I.      Amount in Controversy

First, Plaintiffs argue that Defendants have failed to establish by a preponderance of the evidence that the amount in controversy is greater than $5 million. *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 404 (6th Cir. 2007) ("CAFA does not alter the fact that 'the removing defendant has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.'"); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993) (where plaintiff seeks recovery of an unspecified amount of damages, burden is on defendant to prove the threshold jurisdictional amount by a preponderance of the evidence).

[The preponderance of the evidence test] does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages. On the other end of the spectrum, requiring the defendant to prove that the amount in controversy "may" meet the federal requirement would effectively force the plaintiff seeking remand to prove in rebuttal that only a relatively small amount of damages is legally possible.

*Gafford*, 997 F.2d at 159. Plaintiff seeks an unspecified amount of damages in this case. The Complaint notes only that Plaintiffs seek "an amount exceeding the jurisdictional requirements of this Court." Compl., DN 1-2, ¶ 295. As this case was originally filed in Jefferson Circuit Court, the applicable jurisdictional amount is $4,000.00. *See* Ky. Rev. Stat. Ann. §§ 23A.010(1), 24A.120(1).

Defendants note that Plaintiffs have alleged there are thousands of putative class members. *See* Compl., DN 1-2, ¶ 265 ("Plaintiffs are informed and believe, and on that basis allege, that thousands of persons are members of the Class through numerous Daymar Colleges in Kentucky, Indiana, and Ohio."). Additionally, Defendants point out that Plaintiffs are seeking compensatory damages for time lost, reimbursement of "all loan amounts,"[1] pain and suffering, and lost income opportunities. *Id.* at ¶ 293. Plaintiffs also seek punitive damages, injunctive

---

[1]Defendants' response to the Motion to Remand notes that "[t]he average loan amount of a student attending Daymar exceeds $5,000 alone." Def. Resp., DN 16, p. 9 (referencing an exhibit attached to Plaintiffs' motion to remand which was retrieved from a website on April 12, 2011). This information does not appear to have been available to Defendants at the time of removal. The Court may consider, however, post-removal materials so long as the information contained within those materials was relevant at the time of removal. *See, e.g.*, *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."); *Harmon v. OKI Sys.*, 902 F. Supp. 176, 178 (S.D. Ind. 1995) ("[P]ost-removal admissions by parties opposing federal jurisdiction may be considered if they are probative of the amount in controversy at the time of removal.").

relief, and attorneys' fees.  *Id.* at ¶¶ 289-90, 294; p. 44 (prayer for relief).  Thus, based upon the requested damages and the number of class members alleged in the Complaint, Defendants assert that "the aggregate amount Plaintiffs have placed in controversy is in excess of $5 million." Notice of Removal, DN 1, ¶ 41.

The Court finds that Defendants have proven the jurisdictional amount of $5 million by a preponderance of the evidence.  Plaintiffs' Complaint indicates that the class will be composed of thousands of people.  Thus, at the very least, Defendants can estimate the class size to be at least 2,000.  In addition, Plaintiffs seek reimbursement of "all loan amounts."  Defendants note that the average loan amount for a Daymar student is $5,000.  Multiplying these numbers presents $10 million in damages alone.  Plaintiffs claim this estimate is too high.  Plaintiffs' Complaint, however, notes that Plaintiffs have become indebted "to the extent of thousands of dollars . . . ."  Compl., DN 1-2, ¶ 259.  In addition, of the 39 named Plaintiffs, all but one claim to have acquired "significant educational debt."  Compl., DN 1-2, ¶¶ 50, 56, 61, 66, 72, 76, 79, 85, 89, 94, 100, 106, 111, 116, 122, 132, 138, 143, 149, 154, 160, 166, 172, 178, 184, 190, 195, 201, 207, 213, 219, 224, 228, 234, 239, 244, 250, 255.  Even at $2,000 for 2,000 class members, the class would claim $4 million in damages for reimbursement of loan amounts.  This figure must then be added to the additional damages Plaintiffs seek, including compensatory damages for time lost and lost income opportunities, pain and suffering, punitive damages, injunctive relief, and statutory attorneys' fees.  The Court finds that this is more than enough to satisfy the jurisdictional amount.  Accordingly, Defendants properly removed this action under the CAFA.

## II.     The CAFA Exceptions

Under the CAFA, if any member of the plaintiff class is a *citizen* of a different state,

minimal diversity exists.  *See* 28 U.S.C. § 1332(d)(2)(A).  Both parties agree that minimal diversity exists, but Plaintiffs argue that two exceptions to the minimal diversity requirement apply here.  In the case of establishing an exception to the CAFA, Plaintiffs bear the burden of demonstrating, by a preponderance of the evidence, that one of the exceptions applies.  *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

Plaintiffs argue that the "home state controversy" exception applies to this case.  Under this exception, the Court must decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  For this exception to apply, all of the primary defendants must be citizens of the forum state. *Morrison v. YTB Int'l, Inc.*, Nos. 08-565-GPM, 08-579-GPM, 10-305-GPM, 2010 WL 2132062, at *2 (S.D. Ill. May 26, 2010) (citations omitted).

Under the "discretionary" exception, the Court may decline jurisdiction when (1) between one third and two thirds of the proposed plaintiffs class are citizens of the State in which it was originally filed, and (2) the primary defendants are also citizens of that State.  28 U.S.C. §1332(d)(3).  If these two requirements are met there are several factors which are then considered by the Court: if the claims involve matters of national or interstate interest; if the law of the State will apply; if the class action was pleaded to avoid federal jurisdiction; whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; if the number of citizens of the State in which it was brought is larger than the number of members that are citizens of other States; and whether, during the three year period preceding the filing of that class action, one or more other class actions asserting the same or

similar claims on behalf of the same or other persons have been filed. *Id.*

Plaintiffs seek limited discovery as to the citizenship of the proposed class members. Defendants assert that such discovery is unnecessary, as Defendants have provided the affidavit of Michael Leathers, the Vice President of Information Technology for Daymar Colleges Group, LLC. Mr. Leathers's affidavit compiled a statistical summary of the residences of students who attended the Daymar campuses in Kentucky, Ohio, Indiana, and Tennessee between February 1, 2007 through February 1, 2011. The summary indicates that 46.7% of those students, a total of 10,447, resided in Kentucky, based on the last known place of residence each student provided to Defendants. Leathers Aff., DN 16-1, p. 2.

Plaintiffs raise several arguments as to why Defendants' statistical data is flawed. The most concerning is Plaintiffs' argument that Defendants improperly included Tennessee Daymar students in the statistical data. Plaintiffs assert that the only reference to Tennessee within the Complaint is contained in the paragraph describing Defendant Mark A. Gabis. That paragraph states that Mr. Gabis "is the president and principal shareholder and/or member of a multitude of companies operated under the Daymar College label engaged in the offering of a variety of higher education Degrees to students in Kentucky, Indiana, Ohio and Tennessee." Compl., DN 1-2, ¶ 44. All class allegations, however, are "made only on behalf of current and former students at Daymar's Ohio, Indiana and Kentucky campuses." Pl.'s Reply, DN 19, p. 9. In contrast, Defendants argue that the class is defined as "current and prior attendees of the various Daymar Colleges," Compl., DN 1-2, ¶ 261, and Plaintiffs have acknowledged that Daymar colleges operate in Tennessee through their statement in paragraph 44 regarding Mr. Gabis.

Both interpretations are plausible. Thus, the Complaint is ambiguous and fails to

properly define the class Plaintiffs seek to represent.  In the interests of justice, the Court

believes the best course of action is to allow Plaintiffs to amend their Complaint to properly

define the class they seek to represent.  Once Plaintiffs have amended their Complaint, the Court

will consider the CAFA exceptions and whether limited discovery is necessary.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs shall have **fifteen

(15) days** by which to amend their Complaint.  The parties may file supplemental briefs as to the

remaining issues within **fifteen (15) days** of the filing of the Amended Complaint.