UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-157-R

**REBECCA LANCASTER,** *et al.*                                                                                    **PLAINTIFFS**

**v.**

**DAYMAR COLLEGES GROUP, LLC,** *et al.*                                                         **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

This matter is before the Court upon the Plaintiffs' Motion for Reconsideration. Pls.' Mot. Recons., Docket Number ("DN") 48. The Defendants have responded. Defs.' Resp., DN 50. This matter is now ripe for adjudication. For the following reasons the Plaintiffs' motion is DENIED.

BACKGROUND

The factual and procedural underpinnings of this case are more fully described in the memorandum opinion and order of February 14, 2012. *See Lancaster v. Daymar Colls. Grp.*, Case No. 3:11-CV-157, 2012 U.S. Dist. LEXIS 19946 (W.D. Ky. Feb. 14, 2012). In that opinion, the Plaintiffs' motion to remand was denied because the evidence failed to show that the "home-state" or "discretionary" exceptions to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), applied. *Id.* at *2. Those exceptions were inapplicable because the Court found that evidence of the proposed class members' residence was insufficient to establish their citizenship. *Id.* at *14-29; *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").

Subsequent to that decision, the Plaintiffs filed the present motion and now ask the Court to reconsider its denial of remand. Specifically, the Plaintiffs assert that the Court "failed to

apply the rebuttable presumption that residence equates to domicile." Pls.' Mot. Recons., DN 48, p. 5.  They contend that this presumption, if it had been properly recognized and applied by the Court "would have resulted in this action being remanded to state court." *Id.*  In light of the Plaintiffs' argument, the Court holds that, even if a rebuttable presumption is applicable in some CAFA contexts, the Court's earlier denial of remand was not premised on a "clear error of law" for three reasons.  First, CAFA's legislative history and interpretations by the circuit courts raise substantial doubts about whether a rebuttable presumption is applicable in the CAFA context.  Second, the cases that the Plaintiffs rely upon in support of the rebuttable presumption are unpersuasive.  Finally, even if a rebuttable presumption is applicable, the Plaintiffs' evidence is insufficient to trigger its application in this case.

## STANDARD

The Plaintiffs move the Court to reconsider its previous order denying remand.  Under Rule 59(e), a court may, upon the motion of a party, alter or amend the entry of a judgment, including a prior order.  *See* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes . . . any order from which an appeal lies.").  A Rule 59 motion should not be used to reargue a case on the merits.  *See Whitehead v. Bowen*, 301 Fed. Appx. 484, 489 (6th Cir. 2008) (citing *Sault Ste Marie Tribe of Cippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Instead, "[u]nder Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  Finally, a motion to alter or amend must be filed no later than 28 days after entry of the order the party seeks to amend.  Fed. R. Civ. P. 59(e).

2

## DISCUSSION

Pursuant to Rule 59(e), the Plaintiffs ask the Court to alter or amend its prior order denying remand. The Plaintiffs have not presented the Court with newly discovered evidence or cited an intervening change in the controlling law. Instead, they argue that the Court made a "clear error of law" in its prior decision. According to the Plaintiffs, remand was warranted because the evidence demonstrated that at least two-thirds of the members of the proposed class were Kentucky residents and this raised a rebuttable presumption that those individuals were also Kentucky citizens.

### I. CAFA's legislative history and interpretations of the Act raise doubts as to whether a rebuttable presumption is applicable.

The Plaintiffs advocate for a rebuttable presumption equating residence and citizenship. Upon review, the Court has significant reservations as to whether such a presumption is applicable in the CAFA context.

Generally speaking, CAFA grants district courts original jurisdiction over any civil action in which the amount in controversy exceeds $5 million, the proposed plaintiffs' class contains 100 or more members, and minimal diversity exists between the parties. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5). Such cases are removable to federal court pursuant to 28 U.S.C. § 1441. A defendant seeking to remove bears the burden of proving that the district court has jurisdiction under CAFA. *Kaufam v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006)); *see Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing these elements.").

CAFA's jurisdictional inquiry is not complete once a case is removed to federal court,

3

however. The statute carves out certain situations in which district courts must or may decline jurisdiction upon a motion to remand. Under the "local controversy" and "home-state" exceptions, 28 U.S.C. §§ 1332(d)(4)(A) and 1332(d)(4)(B), respectively, a district court "shall decline jurisdiction" if at least two-thirds of the class members and a defendant are citizens of the state where the action was filed and certain other elements are present. Under the "discretionary" exception, 28 U.S.C. § 1332(d)(3), a district court may, but is not required to, decline jurisdiction if at least one-third of the class members and a defendant are citizens of the state where the action was filed and other statutorily prescribed elements indicate that the court should decline jurisdiction under the "totality of the circumstances."

The party seeking to remand - a plaintiff in most cases - bears the burden of showing, by a preponderance of the evidence, that one of the CAFA exceptions applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (home state exception must be proven by preponderance of the evidence); *Preston v. Tenet Healthsystem Mem'l Med. Ctr. Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) (local controversy exception must be proven by a preponderance of the evidence); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) ("[O]nce federal jurisdiction has been established under [§ 1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§ 1332(d)(4)(A) and (B)."); *Evans v. Walter Indus.*, 449 F.3d 1156, 1164 (11th Cir. 2006) ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). Thus, in order to remand under the "home-state" or "local controversy" exceptions, a plaintiff must show that it is more likely than not that at least two-thirds of the class members and a defendant are citizens of the state where the action was filed.

4

The Plaintiffs assert that the present case should be remanded because evidence shows that at least two-thirds of the class members are Kentucky residents, and this evidence raises a rebuttable presumption that the class members are Kentucky citizens for purposes of the "home-state" exception. According to the Plaintiffs' interpretation, CAFA shifts the jurisdictional burden of proof in three sequential steps. First, the defendant must prove that the case can be removed to federal court. Second, a plaintiff seeking to remand must demonstrate that a jurisdictional exception applies. The exceptions in 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A), and 1332(d)(4)(B) require a showing of class citizenship, and the Plaintiffs contend that evidence showing the residence of the class raises a rebuttable presumption that the class members are citizens of the state where they reside. Finally, if a plaintiff's evidence raises the rebuttable presumption, the burden shifts back to the defendant, who must show that remand is inappropriate because the class members are not citizens of the state where the action was filed. If the defendant fails to meet its burden, the case must be remanded. In support of this interpretation, the Plaintiffs rely on *Brady v. Denton County Electric Cooperative*, Case No. 4:09-CV-130, 2009 U.S. Dist. LEXIS 89062 (E.D. Tex. Sept. 25, 2009), and *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 U.S. Dist. LEXIS 85285 (S.D. Ill. Nov. 22, 2006).

Although *Brady*, *Kitson*, and a handful of cases from the Eastern District of Missouri[1] acknowledge that evidence of residence can raise a rebuttable presumption of citizenship under the CAFA exceptions, the Court hesitates to adopt this position. The Supreme Court has generally held that "whenever the subject matter of an action qualifies for removal, *the burden is on the plaintiff* to find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538

---

[1] *See Randall v. Evamor, Inc.*, Case No. 4:09-CV-01756-ERW, 2010 U.S. Dist. LEXIS 41948 (E.D. Mo. April 29, 2010); *Tonnies v. Southland Imps., Inc.*, Case No. 4:09-CV-414-SNJ, 2009 U.S. Dist. LEXIS 89621 (E.D. Mo. Sept. 29, 2009); *Clover v. Sunset Auto Co.*, Case No. 4:09-CV-58-HEA, 2009 U.S. Dist. LEXIS 75995 (E.D. Mo. Aug. 26, 2009); and *Redd v. Suntrup Hyundai, Inc.*, Case No. 09-CV-411-MLM, 2009 U.S. Dist. LEXIS 72798 (E.D. Mo. Aug. 18, 2009).

U.S. 691, 698 (2003) (emphasis added).  In *Hart v. Fedex Ground Package System*, 457 F.3d 675, 680 (7th Cir. 2006), the Seventh Circuit seized upon *Breuer*'s language when considering CAFA's jurisdictional exceptions and concluded that "the party seeking to take advantage of the home-state or local controversy exceptions to CAFA jurisdiction has the burden of showing it applies."  Neither *Hart* nor any other circuit court considering a plaintiff's burden of proof under the CAFA exceptions have applied the rebuttable presumption sought by the Plaintiffs.  In fact, at least one circuit court considered *Kitson* and refused to apply the rebuttable presumption because the plaintiffs' evidence was insufficient.  *See Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 793, 798-801 (5th Cir. 2007).  The individual circuit courts considering the issue have uniformly held that plaintiffs bear the burden of proving that an exception to CAFA jurisdiction is applicable.  *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010); *Preston*, 485 F.3d at 797; *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); and *Evans v. Walter Indus.*, 449 F.3d 1156, 1164 (11th Cir. 2006).  No circuit court has applied a rebuttable presumption equating residency to citizenship for the purposes of a CAFA exception.  Given the Supreme Court's guidance in *Breuer* that a plaintiff bears the burden of identifying an express exception to removal under 28 U.S.C. § 1441, this Court is not prepared to recognize the rebuttable presumption advocated by the Plaintiffs.  Doing so would grant a plaintiff the ability to remand a case without carrying the whole burden of proving that a jurisdictional exception applies.  This would be contrary to *Breuer* and those circuit courts holding that plaintiffs bear the burden of proof in order to remand under CAFA's jurisdictional exceptions.

  Additionally, legislative history clearly shows that Congress intended for plaintiffs to bear the burden of proving that an exception to jurisdiction is applicable in CAFA cases.  As stated in the report of the Senate Committee on the Judiciary:

> Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, *with a strong preference* that interstate class actions should be heard in a federal court *if properly removed by any defendant.*
>
> As noted above, it is the intent of the Committee that *the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating that more than two-thirds of the proposed class members are citizens of the forum state).* Allocating the burden in this manner is important to ensure that the named plaintiffs will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure the citizenship of class members. The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction.

S. Rep. No. 109-14, 1st Session, at 43 (2005) (emphasis added). Discussing the "local controversy" exception, the Committee said that federal courts should be divested of jurisdiction "if the *proponents* of [the local controversy exception] *clearly demonstrate* that each and every of the following criteria are satisfied in the case at issue: (1) more than 2/3 of the class members are citizens of the forum state . . . ." *Id.* at 39 (emphasis added). Finally, the Committee made Congress's intent exceedingly clear when it reported:

> It is the Committee's intention with regard to each of these exceptions that *the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption.* Thus, if a plaintiff seeks to have a class action remanded under section 1332(d)(4)(A) on the ground that the primary defendants and two-thirds or more of the class members are citizens of the home state, *that plaintiff shall have the burden of demonstrating that these criteria are met by the lawsuit.*

*Id.* at 44 (emphasis added). The Committee's report does not mention the rebuttable presumption sought by the Plaintiffs, and not once does the report indicate that any portion of a plaintiff's burden should shift back to the defendant after the criteria for removal have been satisfied. In fact, it indicates the opposite, that CAFA's jurisdictional exceptions should apply only "if the proponents of [those exceptions] clearly demonstrate that each and every of the [ ] criteria are satisfied in the case at issue . . . ." *Id.* at 39. The legislative history is clear that the

Plaintiffs bear the burden of proving that at least two-thirds of the class members are Kentucky citizens. Nothing in the legislative history suggests that a defendant should be required to prove that an exception does not apply after properly removing to federal court.

Overall, the Court has significant reservations as to whether a rebuttable presumption equating residence and citizenship should be recognized under CAFA's jurisdictional exceptions. Both CAFA case law and the Act's legislative history counsel against the application of such a presumption. "The general rule is that the burden of proving an express statutory exception to jurisdiction lies with the party seeking dismissal or remand based on the exception. . . . Accordingly, a plaintiff seeking remand based on any of the [CAFA] exceptions . . . must prove that the relevant exception applies." 170A *Moore's Federal Practice*, Civil Part IV (Matthew Bender 3d. ed.).

## II.   The cases relied upon by the Plaintiffs are unpersuasive.

The Plaintiffs urge the Court to follow *Brady v. Denton County Electric Cooperative*, Case No. 4:09-CV-130, 2009 U.S. Dist. LEXIS 89062 (E.D. Tex. Sept. 25, 2009), and *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 U.S. Dist. LEXIS 85285 (S.D. Ill. Nov. 22, 2006), and apply the rebuttable presumption recognized in those cases. The Court finds these cases unpersuasive. Based on recent Seventh Circuit precedent, it is questionable as to whether *Kitson* would apply the rebuttable presumption if decided today. And, there is no evidence that the *Brady* Court applied the presumption sought by the Plaintiffs.

In *Kitson*, a case from the Southern District of Illinois, the plaintiff's motion to remand was granted after the court found that more than two-thirds of the class members were citizens of Illinois. *Kitson*, 2006 U.S. Dist. LEXIS 85285, at *27. When remanding, the *Kitson* Court found that the plaintiff's evidence of class residence raised a rebuttable presumption as to the

citizenship of the class. *Id.* at *21-23 (citing *District of Columbia v. Murphy*, 314 U.S. 441, 445 (1941); *Ennis v. Smith*, 55 U.S. 400, 423 (1853)). The rebuttable presumption was applied only after the defendants "freely concede[d] the overwhelming likelihood that substantially more than two-thirds of class members are Illinois citizens . . . ." In fact, counsel for one of the defendants admitted at a hearing that there was "an overwhelming likelihood that well over two-thirds of class members are citizens of Illinois[.]" *Id.* at *25. Furthermore, the defendant bank was located in Illinois, conducted most of its business in two Illinois counties, and over ninety percent of the class had mailing addresses in Illinois. *Id.* at *20. In light of the defendants' admission and despite the fact that the plaintiff made no showing of the class members' intent to remain in Illinois, the court felt that the plaintiff had met his burden of showing that "more likely than not that over two-thirds of the members of the class are Illinois citizens." *Id.* at *25.

Distinctions between the evidence in *Kitson* and the present case show that the rebuttable presumption advocated for by the Plaintiffs is not applicable here. Although the *Kitson* defendants initially argued that evidence of residence should not be equated to citizenship, they conceded that there was an "overwhelming likelihood" that more than two-thirds of the class members were citizens of Illinois. *Id.* at *20, 25. The Defendants in the present case have opposed the Plaintiffs' assertion of class citizenship at every stage. Not only have they contested the Plaintiffs' evidence, they have presented their own evidence showing that less than two-thirds of the class members are Kentucky residents, much less citizens. *See* Second Aff. Michael Leathers, DN 26-2. The use of the rebuttable presumption in *Kitson* was a means of allowing the case to proceed where the court was satisfied that the jurisdictional prerequisites had been met even though a showing of intent had not been made. *See Kitson*, 2006 U.S. Dist. LEXIS 85285, at *25-27. The *Kitson* Court did not order discovery on the issue of class citizenship because it

9

saw "no advantage to anyone in deferring a ruling on the citizenship of the class until further discovery in this case inevitably produces the clear and convincing evidence that over ninety percent of the class are Illinois citizens." *Id.* at *27. Unlike the *Kitson* Court, discovery on the issue of class citizenship has been conducted in this case, and, even after discovery, the Court cannot deduce from the evidence produced whether it is more likely than not that at least two-thirds of the class members are Kentucky citizens. Accordingly, application of the rebuttable presumption under the facts of this particular case would be inappropriate.

Also, decisions rendered subsequent to *Kitson* make it doubtful as to whether *Kitson* would apply the rebuttable presumption if decided today. *Kitson* was remanded in November of 2006, less than two years after CAFA's enactment. A more recent case from the Southern District of Illinois acknowledged *Kitson*'s application of the rebuttable presumption but refused to apply it in light of a decision rendered by the Seventh Circuit in 2010. *See Phillips v. Wellpoint, Inc.*, Case No. 10-CV-357-JPG, 2010 U.S. Dist. LEXIS 123844 (S.D. Ill. Nov. 23, 2010) ("While evidence of residency may create a rebuttable presumption of domicile and, by implication, citizenship, the two are not one and the same." (citing *Kitson*)). In the case of *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010), the Seventh Circuit held that it was error for the district court to presume that "at least two-thirds of those who have Kansas cell phone numbers and use Kansas mailing addresses . . . are Kansas citizens." Such an assumption was "[s]ensible guesswork, based on a sense of how the world works, but guesswork nonetheless." *Id.* The *Sprint* Court overturned a decision of the Northern District of Illinois which cited *Kitson*'s rebuttable presumption and found that evidence of phone numbers and mailing addresses demonstrated that more than two-thirds of the class members were Kansas citizens. *See In re Text Messaging Antitrust Litigation*, Case No. 08-C-7082, 2009 U.S. Dist. LEXIS

71490 (N.D. Ill. Aug. 13, 2009).  In reversing the district court, the Seventh Circuit ultimately agreed "with the majority of district courts that a court may not draw conclusions about citizenship of class members based on things like their phones numbers and mailing address."  *Sprint*, 593 F.3d at 674; *see Gerstenecker v. Terminix Int'l Inc.*, Case No. 07-CV-0164-MJR, 2007 U.S. Dist. LEXIS 69272, at *6 (S.D. Ill. Sept. 19, 2007) ("Seventh Circuit law clearly provides that allegations of residency are not the same as allegations of citizenship.").  The *Kitson* Court applied the rebuttable presumption because the defendants conceded citizenship and the plaintiff's evidence reflected "that over ninety percent of class members have Illinois mailing addresses."  *Kitson*, 2006 U.S. Dist. LEXIS 85285, at *20.  The use of mailing addresses to adduced citizenship was expressly rejected in *Sprint*.  *Sprint*, 593 F.3d at 674.  Given the *Sprint* decision, and its precedential effect on district courts in the Seventh Circuit, it is reasonable to question whether *Kitson* would reach the same outcome if decided today.  For these reasons, the Plaintiffs' reliance on *Kitson*, and the use of the rebuttable presumption applied therein, is unpersuasive in the present case.

The Plaintiffs also point to *Brady* as another case in which a court applied the rebuttable presumption they advocate for.  Although the *Brady* decision acknowledges that "evidence of a person's residence raises a presumption of their domicile," *Brady*, 2009 U.S. Dist. LEXIS 89062, at *19-20 (citing *Joseph v. Unitrin, Inc.*, Civil Action No. 1:08-CV-077, 2008 U.S. Dist. LEXIS 61726 (E.D. Tex. Aug. 12, 2008); *Stine v. Moore*, 213 F.2d 446 (5th Cir. 1954)), a close reading of the case shows that the *Brady* Court did not apply this presumption when it remanded pursuant to CAFA's "home-state" exception.

*Brady* involved a class action by members of an electric cooperative against their electricity provider.  The defendant removed on multiple grounds, including CAFA.  *Id.* at *6.

The plaintiffs sought to remand under the "home-state" exception, and the defendant argued that the plaintiffs "failed to show that greater than two-thirds of the aggregate class members reside in Texas and have the intent to remain in Texas." *Id*. at * 17. The court ultimately concluded that "it is more likely than not that at least two-thirds of the aggregate putative class members are Texas citizens." *Id.* at *20-21. To arrive at this outcome, the court relied on two pieces of evidence. First, "92% of the current 142,000 members are 'residential' and each of these members purchase electricity from within [the defendant's] area of operation." *Id.* at 18. This evidence established that more than two-thirds of the class members were located in Texas, fulfilling the first prong of the citizenship analysis. Second, the court relied on census data presented by the plaintiffs which showed that "[l]ess than 7% of the county population which [the defendant] provides electricity for moved out of state during the period of time for which census data was provided. . . . [And] nearly 70% of those who changed homes had remained within the same county." *Id.* at 18-19. The court found that the census data demonstrated that the class members intended to remain in Texas, fulfilling the second prong of the citizenship analysis. "When [the census data] is coupled with the membership data, common sense dictates that it is more likely than not that at least two-thirds of the aggregate putative class members are Texas citizens." *Id*. at 20-21.

Although the *Brady* Court acknowledged the rebuttable presumption argued for by the Plaintiffs in the present case, there is no indication that the court applied that presumption. Instead, the court found that the plaintiffs' census data was sufficient to determine that the class members intended to remain in Texas, the place where they resided. As such, the *Brady* Court merely found that the plaintiffs carried their burden under the "home-state" exception without the use of the rebuttable presumption. The court did not have to apply the presumption because,

12

in addition to supplying evidence of the class members' residence, the plaintiffs used census data to show the class members intended to remain in Texas. Accordingly, *Brady* does not support the Plaintiffs' argument in favor of the rebuttable presumption in the present case. Here, the Plaintiffs have only presented evidence regarding the proposed class members' residence and have failed to include any evidence showing that the members intend to remain where they reside.

Overall, the Plaintiffs reliance on *Kitson* and *Brady* has not persuaded the Court that a rebuttable presumption equating residence and citizenship should be applied in this case. *Kitson* is factually distinguishable and subsequent cases call its outcome into question. A close reading of *Brady* shows that the court conducted the same analysis as this Court did when it denied the Plaintiffs' motion to remand. *Brady* had a different outcome because the plaintiffs presented evidence showing that the class members intended to remain in Texas. Simply because *Brady* reached an opposite outcome does not show a "clear error of law" by the Court in this case.

### III. Assuming that CAFA recognizes a rebuttable presumption, the Plaintiffs' evidence is insufficient to trigger its application in the present case.

The Court has shown that there are good reasons to doubt whether a rebuttable presumption equating residence and citizenship is applicable to CAFA's jurisdictional exceptions. Additionally, the Court found that the cases relied upon by the Plaintiffs are unpersuasive. The Court could stop here, but for the sake of completeness, the Court finds that even if a rebuttable presumption is applicable in the context of CAFA, the Plaintiffs' evidence is insufficient to trigger application of the presumption.

Notably, the Plaintiffs misconstrue the Court's view of the evidence. In their motion, the Plaintiffs claim that "the Court agreed that the Plaintiffs had put forth evidence showing that over seventy percent of the putative class were residents of Kentucky." Pls.' Mot. Recons., DN

13

48, p. 5. The Court's view of the Plaintiffs' evidence was not nearly so broad. The Court actually found that "[b]ecause the IPEDS reports only show that 70% of *first-time* enrollees are residen[ts] of Kentucky, the Plaintiffs have failed to prove that two-thirds or more of the members of the proposed class are citizens of Kentucky." *Lancaster v. Daymar Colls. Grp.*, 2012 U.S. Dist. LEXIS 19946, at *21 (W.D. Ky. Feb. 14, 2012) (emphasis added). The IPEDS reports have two distinct problems. First, they only show evidence of residence and give no indication of intent to remain. Second, the residency information in the reports is limited to Daymar's *first-time* enrollees across some of Daymar's campuses and across some years between 2005 and 2010. The picture of residency painted by the IPEDS reports is far from complete.

Furthermore, the residency of Daymar's first-time enrollees from 2005 to 2010 is only representative of a small portion of the class that the Plaintiffs seek to represent. The class definition has no time limitations and includes *all* students attending Daymar campuses in Kentucky, Indiana, and Ohio. The Plaintiffs have admitted that the proposed class consists of thousands of members. Despite the expansive nature of the class, the Plaintiffs would have the Court make a number of assumptions and remand under CAFA's "home-state" exception. In order to remand, the Court would have to assume that evidence showing the residence of Daymar's first-time enrollees raises a rebuttable presumption that 70% of those students were also Kentucky citizens. Next, the Court would need to impute the citizenship of Daymar's first-time enrollees to *all* students attending Daymar's campuses between 2005 and 2010. Finally, the Court would have to broaden that assumption to *all* students who have ever attended one of Daymar's campuses in Kentucky, Indiana, and Ohio. On top of those assumptions, the Court would have to assume that at least two-thirds of Daymar students across an indefinite time frame were Kentucky citizens on the date the Plaintiffs' complaint was filed. Even if a rebuttable

presumption equating residence to citizenship is applicable to CAFA's jurisdictional exceptions, nothing requires the Court to apply the presumption in the extremely speculative manner that would be necessary to remand under the "home-state" exception in this case.  *See Nichols v. Progressive Direct Ins. Co.*, Civil Action No. 06-146-DLB, 2007 U.S. Dist. LEXIS 28689, at *9-10 (E.D. Ky. March 31, 2007) (refusing to remand under the "home-state" exception because the class was proposed to cover five years and "to conclude that over this period at least two-thirds of these persons remained citizens of the state would be sheer speculation . . .").

After conducting another examination of the Plaintiffs' evidence, the Court finds that even if a rebuttable presumption is applicable to CAFA's jurisdictional exceptions, such a presumption would not have been triggered in this case.  Given the open-ended and expansive nature of the class definition, it would be sheer speculation for the Court to assume that evidence showing the residence of Daymar's first-time enrollees is sufficient to establish the citizenship of the entire class as of the date the complaint was filed.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Reconsider is DENIED.