UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Case No. 3:11CV-573-R

ANGELA ALBURY, *et al.*                                     PLAINTIFFS

3:11CV-157-R

REBECCA LANCASTER, *et al.*                                 PLAINTIFFS

PADUCAH DIVISION
5:11CV-36-R

KEVIN WIGGINS, *et al.*                                     PLAINTIFFS

V.

DAYMAR COLLEGES GROUP, LLC, *et al.*                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Stay Pending Appeal.
*Albury*, Docket Number ("DN") 25; *Lancaster*, DN 54; *Wiggins*, DN 39. The Defendants have
responded. *Albury*, DN 26; *Lancaster*, DN 55; *Wiggins*, DN 40. Fully briefed, this matter is
now ripe for adjudication. For the following reasons the Plaintiffs' motion is GRANTED.

BACKGROUND

The factual and procedural background of these cases is more fully described in the
Court's denial of the Plaintiffs' motion to remand, *Lancaster v. Daymar Colleges Group, LLC*,
2012 U.S. Dist. LEXIS 19946 (W.D. Ky. 2012), and denial of their motion for reconsideration,
*Lancaster v. Daymar Colleges Group*, 2012 U.S. Dist. LEXIS 34347 (W.D. Ky. 2012).[1] The

---

[1] The *Lancaster* case is accompanied by two companion cases, *Albury* and *Wiggins*. The denials of remand and
reconsideration for *Albury* can be found at 2012 U.S. Dist. LEXIS 18889 (W.D. Ky. 2012) (remand) and 2012 U.S.
Dist. LEXIS 34346 (W.D. Ky. 2012) (reconsideration). Likewise, those opinions for *Wiggins* can be found at 2012
U.S. Dist. LEXIS 18910 (W.D. Ky. 2012) (remand) and 2012 U.S. Dist. LEXIS 34350 (W.D. Ky. 2012)

Plaintiffs have filed an appeal from those decisions with the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1453(c)(1).

A party challenging the denial of remand under the Class Action Fairness Act, 28 U.S.C. § 1332(d), is not required to obtain a certification for interlocutory appeal from the denying court. *See Capital One Bank, N.A. v. Jones*, 710 F. Supp. 2d 634 (N.D. Ohio 2010); *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557 (W.D. Pa. 2010). Instead, "a court of appeals may accept an appeal from an order of a district court . . . denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." 28 U.S.C. § 1453(c)(1). Once made, the court of appeals may accept or decline the appeal. If the appeal is accepted the court of appeals must render a decision within 60 days unless all parties agree to an extension. 28 U.S.C. §§ 1453(c)(2) and § 1453(c)(3)(A). If the parties do not agree to an extension, the court of appeals may extend the time period for its decision up to 10 more days "for good cause shown and in the interest of justice," but the decision must be rendered within 70 total days from the date the appeal is accepted. 28 U.S.C. § 1453(c)(3)(B).

In the present case, the Plaintiffs have filed an appeal from this Court's decision denying remand. The Plaintiffs now ask the Court to stay this case during the pendency of the appeal and to delay further proceedings until such time as the court of appeals declines the appeal or renders a decision on the merits.

## STANDARD

When presented with a motion to stay pending appeal, district courts balance the following factors: (1) the likelihood that the party seeking the stay will prevail on the merits of

---

(reconsideration). Because the reasoning underlying the various opinions is identical, and in the interest of efficiency, the Court refers only to *Lancaster* in the body of this opinion and order.

the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). For example, "[t]he strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue." *Baker v. Johnson*, 310 F.3d 927, 928 (6th Cir. 2002). Furthermore, the party seeking a stay "must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.* (citing *DeLorean*, 755 F.2d at 1229).

## DISCUSSION

Upon review of the parties' arguments, the Court finds that the four factors to be considered upon a motion to stay weigh in favor of granting the Plaintiffs' motion. The Court addresses each factor in turn.

### 1. Likelihood of Success on the Merits.

The Court first considers the likelihood that the Plaintiffs will prevail on the merits of their appeal. *See Griepentrog*, 945 F.2d at 153. In making the motion to stay, "the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.* (citing *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977)). The movant is "require to show, at a minimum, 'serious questions going to the merits.'" *Id.* at 154 (quoting *DeLorean*, 755 F.2d at 1229). "In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal." *Id.*

The Plaintiffs are appealing the Court's decision denying remand to state court under the "home-state" or "discretionary" exceptions to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  Specifically, they argue that "the lack of a presumption equating residency to citizenship and/or exacting evidentiary standards may, as a practical matter, delete CAFA's remand provisions from the Act."  Pls.' Mot. Stay, DN 54, p. 5.  They claim that the likelihood of success on this argument "is greater than typical for an appeal because it addresses new and important issues that are likely to reoccur in other litigation."  *Id.*

When ruling on the motion to reconsider, the Court rejected the Plaintiffs' argument that a rebuttable presumption equating residence and domicile is applicable in the CAFA context, and that, even if applicable, the Plaintiffs' evidence was insufficient to trigger application of the presumption in this case.  *See Lancaster v. Daymar Colleges Group*, 2012 U.S. Dist. LEXIS 34347 (W.D. Ky. 2012).  The Court's interpretation of CAFA erects substantial evidentiary hurdles between a plaintiff and remand under the jurisdictional exceptions.  Few, if any, circuit courts have provided guidance on the issue of the rebuttable presumption sought by the Plaintiffs.  Based on this Court's review of the applicable law and cases interpreting it, that presumption is not part of the law.  This is not to say, however, that the Plaintiffs' arguments lack all merit.  Their arguments present serious questions regarding the interpretation and application of CAFA, and there is more than a mere possibility that they will succeed on appeal.  As such, this factor weighs in favor of staying these proceedings.

Additionally, the Court notes its hesitation to proceed in this case given the Plaintiffs' chances of success on appeal.  In their response to the Plaintiffs' motion, the Defendants state that in the absence of a stay they plan to file motions to dismiss and to compel arbitration.  Should the Plaintiffs succeed on appeal, any ruling by the Court on the Defendants' motions

would be invalidated for lack of jurisdiction.  Because the federal courts are courts of limited jurisdiction, the Court will not proceed where its jurisdiction is in question.

### 2.  Likelihood of Irreparable Harm to the Moving Party.

The second factor the Court must consider when ruling on a motion to stay is the likelihood that the moving party will experience irreparable harm if a stay is not issued. *Griepentrog*, 945 F.2d at 153.  This factor is inversely proportional to the likelihood of success, meaning that "more of one excuses less of the others."  *Id.*  Thus, even if the likelihood of success on the merits is low, a stay may still be granted if a plaintiff shows that it is highly likely that irreparable harm will accrue absent a stay.  It must be noted, however, that "potential monetary damage does not constitute irreparable harm."  *Baker*, 310 F.3d at 930.  As stated by the Supreme Court:

> The key word in this consideration is *irreparable*.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray,* 415 U.S. 61, 90 (1974) (emphasis original) (citations omitted).

In the present motion, the Plaintiffs argue that "the harm in not granting a stay is that this Court and counsel for all parties will engage in continued litigation that may be later invalidated by a Sixth Circuit ruling favoring Plaintiffs."  Pls.' Mot. Stay, DN 54, p. 6.  Additionally, "should the Sixth Circuit hold in favor of Plaintiffs, the resources of this Court and of both parties would be squandered on the invalidated motion and orders submitted and entered in the interim."  *Id.* at 7.  These harms are of the exact type that *Baker* and *Sampson* highlighted as *not* being cognizable as irreparable harm.  If this Court does not grant a stay and is ultimately reversed, the parties and the Court will merely have expended money, time, and energy, and the

loss of these does not constitute irreparable harm that cannot be adequately compensated at a later stage in the litigation.  The Plaintiffs have not shown a high likelihood of irreparable harm. As such, this factor weighs against a stay in this case.

### 3.  Prospect of Harm to Others.

The third factor the Court must consider on a motion to stay is the prospect of harms accruing to others if a stay is issued.  *Griepentrog*, 945 F.2d at 153.  The Court need not spend much time addressing this factor.  The Plaintiffs argue that "there is virtually no harm to others, especially the opposing parties, in issuing a stay pending appeal." Pls.' Mot. Stay, DN 54, p. 6. The Defendants have responded that they would be "harmed by a delay in the district court proceedings, because such a delay would extend the time they must litigate this case." Defs.' Resp., DN 55, p. 5.  Despite this argument, the Defendants concede that "given the accelerated time frame of appeal provided by § 1453(c)(2), (3), Defendants do not argue that the harm to them would be substantial."  As such, it appears that little harm would occur should the Court grant the stay.  This factor weighs in favor of the Plaintiffs.

### 4.  The Public Interest.

The final factor that the Court must consider on a motion to stay is the public interest in granting the stay.  *Griepentrog*, 945 F.2d at 153.  This factor addresses the harm that might accrue to the public if a stay is not issued.  *See id.* at 155 (storing and disposing of radioactive waste); *Baker*, 310 F.3d at 930 (continuing violation of the Establishment Clause).

The Plaintiffs' argue that "[j]udicial efficiency is best served by staying these proceedings pending appeal."  Pls.' Mot. Stay, DN 54, p. 7.  Additionally they claim that "the public has an overwhelming interest in maintaining the appropriate federal-state balance" and that this balance will be upset should proceedings continue and this Court ultimately be reversed

by the Sixth Circuit.  *Id.*

These alleged harms are not enough to warrant a stay of these proceedings.  If the Sixth Circuit affirms this Court's interpretation of CAFA, any stay issued would have been inefficient rather than efficient.  Furthermore, the federalism argument is unpersuasive because CAFA was designed to remove interstate class actions to the federal courts, and the Court found that this case was properly in federal court because the citizenship of the proposed class could not be determine.  Thus, the "appropriate federal-state balance" weighed in favor of federal jurisdiction and Plaintiffs have not shown that this harms the public interest.  This factor weight against the issuance of a stay.

## CONCLUSION

The Plaintiffs have moved for a stay of proceedings pending their appeal to the Sixth Circuit.  Balancing their chances of success on appeal with the likelihood of irreparable harm, harm to others, and the public interest, the Court finds that a stay of further proceedings is warranted until the Sixth Circuit declines the appeal or decides the issue on the merits.  For all of the foregoing reasons, the Plaintiffs' motion is GRANTED.

IT IS HEREBY ORDERED that further proceedings in these cases are STAYED until such time as the Sixth Circuit Court of Appeals declines the Plaintiffs' appeal or decides it on the merits.

IT IS HEREBY FURTHER ORDERED that the telephonic conference of the parties set for 12:00pm CST on April 9, 2012 is CANCELLED.