UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:11-CV-36-GNS-LLK
CIVIL ACTION NO. 3:11-CV-157-TBR-LLK (CONSOLIDATED)
CIVIL ACTION NO. 3:11-CV-573-TBR-LLK (CONSOLIDATED)

KEVIN WIGGINS, et al.                                                    PLAINTIFFS

v.

DAYMAR COLLEGES GROUP, LLC, et al.                                       DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

Counsel represents former students (Plaintiffs) of Daymar Colleges in three consolidated actions.  This matter is before the Court on three unopposed motions filed by Plaintiffs' counsel to withdraw as attorneys of record pursuant to Local Rule 83.6(b) as to those Plaintiffs who failed to keep counsel informed of their current contact information and who died during the pendency of this litigation.  5:11-CV-36, DN 119; 3:11-CV-157, DN 85; and 3:11-CV-573, DN 47.

For the reasons below, the motions shall be GRANTED.

**Background facts and procedural history**

Although Plaintiffs sought to bring their claims on their own behalf and as representatives of a proposed class (5:11-CV-36, DN 31, p. 1[1]), Plaintiffs' counsel state that they "do[] not represent a class [and have] a separate contract with each Plaintiff" (DN 119, p. 1).  These contracts were entered some time prior to February, 2011, when Plaintiffs' action, which was subsequently removed to this Court, was filed in state court.  DN 1-1, p. 1.

In July, 2013, counsel's need to contact Plaintiffs became particularly urgent due to ongoing settlement negotiations with Defendants.  The settlement agreement required that counsel locate at least eighty-five percent of Plaintiffs.  Counsel did eventually locate the required percentage.  Counsel

---

[1] All future docket number (DN) references in this opinion and order are to 5:11-CV-36.

and Defendants have now either settled or are in the process of settling all claims of all locatable Plaintiffs, and the Court has dismissed or will soon dismiss those claims.

Additionally, "although there is a [separate] settlement with the Attorney General that certain Kentucky Daymar students [including un-locatable Plaintiffs] are entitled to participate in, Counsel is not part of that action."  DN 119, p. 1.

In July, 2013, counsel sent out a 200-page priority mail packet to the last known address of each Plaintiff.  DN 107, p. 1 and DN 119, p. 2.  In August, 2013, counsel sent a letter to unresponsive Plaintiffs urging the importance of being able to "contact you quickly [to] receive any benefits from a settlement."  DN 119, p. 3 quoting letter.

As to the unresponsive Plaintiffs, counsel sent e-mails to the last known address, made phone calls to the last known number, hired expert locators, searched available public records, investigated social media, and even went door to door based on last known physical address.  Obituaries revealed 5 deceased Plaintiffs.

In September, 2015, counsel filed six Notices To Withdraw with respect to the un-locatable and deceased Plaintiffs.  5:11-CV-36, DN 107 and 108; 3:11-CV-157, DN 82 and 83; and 3:11-CV-573, DN 44 and 45 (the latter motions pertained to the decedents).

In September, 2015, the Court entered an order requiring that counsel, rather than filing a Notice To Withdraw, file a motion to withdraw as required by Local Rule 83.6, identifying "good cause" for withdrawal.  DN 114.

In October, 2015, counsel filed the pending motions to withdraw.  5:11-CV-36, DN 119; 3:11-CV-157, DN 85; and 3:11-CV-573, DN 47.

In November, 2015, the Court entered an Order setting a show-cause hearing for December 17, 2015, on the motions to withdraw as attorneys of record.  DN 133.  The Clerk of Court sent a copy of the Order to the last known mailing address of the un-locatable Plaintiffs with a warning that: "**FAILURE TO**

2

**APPEAR WILL LIKELY RESULT IN THE COURT'S GRANTING THE MOTIONS TO WITHDRAW AND PLAINTIFFS' ATTORNEYS HAVING NO FURTHER DUTY OF REPRESENTATION TOWARD PLAINTIFFS WITH RESPECT TO THEIR CLAIMS AGAINST DEFENDANTS** (emphasis original)."

On December 17, 2015, only one Plaintiff showed up for the show-cause hearing.  She apparently had already settled her action but was unable to contact counsel to confirm that her attendance at the hearing was unnecessary.

The Court cancelled the hearing due to lack of any interested party.

**Plaintiffs' counsel is entitled to withdraw as counsel of record as to the un-locatable Plaintiffs.**

Local Rule 83.6(b) provides that an attorney of record may withdraw from a case if "[t]he attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose."[2]

While it appears that Local Rule 83.6(b) cannot be literally satisfied in this case because it is impossible to serve un-locatable individuals, Plaintiffs' counsel have made an adequate showing of good cause for withdrawal.

In *Brandon v. Blech*, 560 F.3d 536 (6th Cir.2009), the Sixth Circuit construed the good-cause requirement of Local Rule 83.6(b) in terms of the circumstances of permissive withdrawal of counsel

---

[2] In its entirety, Local Rule 83.6 provides as follows:

"*Substitution or Withdrawal of Attorney of Record.*  Unless a compelling reason exists, an attorney of record is not permitted to withdraw within twenty-one (21) days of trial or a hearing on any motion for judgment or dismissal. At any other time, an attorney of record may withdraw from a case only under the following circumstances:

(a) The attorney files a motion, his or her client consents in writing, and another attorney enters his or her appearance; or

(b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

(c) In cases where an attorney seeks to be substituted for another as attorney of record, and both attorneys are within the same partnership or other legal professional association, a notice of substitution must be filed signed by the withdrawing attorney and the substitute attorney with an affirmative representation stating that the substitution is made with the client's consent; the notice may, but need not be, signed by the client."

outlined in Model Rules of Professional Conduct 1.16(b).[3]  This Court recently found that "[w]here an attorney's request satisfies those benchmarks [of Local Rule 83.6(b)], leave to withdraw should be freely given absent a showing of 'severe prejudice' to a litigant."  *McGraw-Hill Global Education, LLC, v. Griffin*, 5:14-CV-00042-TBR-LLK, 2015 WL 9165965 (W.D.Ky.) quoting *Brandon v. Blech*.

The Court finds (independently of any explicit agreement in the attorney-client contract or counsel's subsequent letter urging its importance) an implicit obligation on the part of a client to keep his or her attorney informed of current contact information.  See *Doornbos v. Pilot Travel Centers*, 2008 WL 4764334 (E.D.Tn.) ("Because these individuals have not contacted their counsel and have not returned their counsel's attempted contact, or kept their counsel aware of their current contact information, they have neglected their duties as participants in this litigation").  Therefore, counsel have adequately shown that, in not updating contact information, the client "fail[ed] substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled" as contemplated by Model Rule 1.16(b)(4).

---

[3] Model Rules of Professional Conduct 1.16(b) states:

"(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if;

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetuate a crime or fraud;

(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill on obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists."

*Lofton v. Fairmont Specialty Insurance Managers, Inc.*, 367 S.W.3d 593, 595-96 (Ky.2012) (quoting Rule 1.16(b)).

Additionally, in light of the substantial efforts of counsel to locate the missing Plaintiffs, as outlined above, and also the lack of attendance of these individuals at the show-cause hearing scheduled by this Court in December, 2015, imposition on counsel of additional efforts would constitute an "unreasonable financial burden on the lawyer [that] has been rendered unreasonably difficult by the client" as contemplated by Model Rule 1.16(b)(5).

Finally, a complete breakdown in communication between attorney and client -- as in this case -- constitutes "other good cause for withdrawal" as contemplated by Model Rule 1.16(b)(6).  See *Fischer v. Biman Bangladesh Airlines, Fischer v. Biman Bangladesh Airlines*, 1997 WL 411446 (S.D.N.Y.1997) (collecting authorities).

Notwithstanding Plaintiffs' counsel's inability to serve the motion to withdraw on their un-locatable clients (Plaintiffs), counsel have adequately demonstrated good cause for withdrawal as counsel of record.

**Plaintiffs' counsel are entitled to withdraw as counsel of record as to the deceased Plaintiffs.**

If a party dies and the claim is not extinguished, the Court may order substitution of the proper party.  Fed.R.Civ.P. 25(a)(1).  A motion for substitution may be made by any party or by the decedent's "successor or representative."  Id.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.  Id.

On October 21, 2015, Defendants filed a notice styled:  "Federal Rule of Civil Procedure 25 Statement Noting The Death of Plaintiffs Donald Lee, Jason Hillerich, Christina Tobin, Denise Titze, and Christina Richey."  DN 115.

A deceased party's attorney does not qualify as a "representative" of the decedent as contemplated by Fed.R.Civ.P. 25(a)(1) because authority to represent the decedent terminates on the decedent's death.  *Kasting v. American Family Mutual Insurance Co.*, 196 F.R.D. 595 (D.Kan.2000); see also *Gothberg v. Town of Plainville*, 305 F.R.D. 28 (D.Conn.2015) ("an attorney-client relationship

terminates upon the death of the client [and does not] automatically vest[] between the attorney and the estate of the deceased client") and *Knox v. United States*, 2013 WL 2443839 n.2 (M.D.Ala.) ("a decedent's former counsel does not qualify as a 'successor or representative' under Rule 25 because an attorney has no authority to act on behalf of a deceased client").

Plaintiffs' counsel is entitled to withdraw as counsel of record as to the deceased Plaintiffs.

### Order

For the foregoing reasons, it is hereby ORDERED that the motions pursuant to Local Rule 83.6(b) to withdraw as attorneys of record (5:11-CV-36, DN 119; 3:11-CV-157, DN 85; and 3:11-CV-573, DN 47) are GRANTED.

Plaintiff's counsel are relieved of any further responsibility with respect to representation of the un-locatable and deceased Plaintiffs.

The Clerk of Court shall change the caption of this case to reflect that the following individuals are unrepresented and proceeding pro-se:

1. Donald Lee
2. Jason Hillerich
3. Christina Tobin
4. Denise Titze
5. Christina Richey
6. Erin Ash
7. Alicia Ayers
8. Otto Fields III
9. Kerston Hauswirth
10. Jamie Mullins
11. Joanna Roberts
12. Stephen Robinson
13. Capucine Sanders
14. Kristina Fortney
15. Susan Neace
16. Dean Pyle
17. Misty Searcy
18. James Simon
19. Sabrena Western
20. Kathy Williams
21. D'Aundra Wilson
22. Ashley Harrell

23. Joseph Langston
24. Robin Layne
25. Robert Littlemyer
26. Jazsum May
27. Tabitha Reed
28. Christy Skirvin
29. Jennifer Umberg
30. Stephanie Wade
31. Grace Yopp

c:      Counsel
p:      1.00